### JEFFERSON G. BROOKS *v.* ELIZA J. WIGGINTON & HUSBAND.

A married woman may sign a note or draft in payment of a debt created for the benefit of her individual estate, without the authorization of her husband.

A draft given for such a debt by a married woman is an act of administration, and in giving it, she may be considered as having resumed, as she may do at will, the administration of her paraphernal property.

APPEAL from the District Court of the Parish of Catahoula, *Mayo*, J. *J. Hawkins* and *J. G. Taliaferro*, for plaintiff. *Smith & Spencer*, for defendants and appellants.

COLE, J. The plaintiff sues *Eliza J. Wigginton* for services as overseer of a plantation which was her paraphernal property.

For $686 38½, a part of the amount claimed, *Mrs. Wigginton* executed her draft on a commercial house, which was protested for non-payment.

It is contended, she was not authorized by her husband to sign the draft.

This was unnecessary in this instance.

The debt was created for the benefit of her individual estate, and as the wife is entitled to resume at will the administration of her paraphernal property, she may be considered to have done so in giving this draft, for this was an act of administration.

If the wife could not, without the authority of her husband, pay the debts made for the benefit of her separate estate, when she conceived it necessary for the welfare of that estate, her right of administration would be a vain thing and without any vitality.

Besides, it seems probable from all the circumstances of this case, that the husband acquiesced in the execution of the draft by the wife; the body of the draft is in his handwriting.

Judgment affirmed, with costs of appeal.